37734. POWELL *v.* POWELL *et al.*

DECIDED JUNE 16, 1959—REHEARING DENIED JUNE 25, 1959.

*Parker & McGee,* for plaintiffs in error.

*C. Bradford,* contra.

TOWNSEND, Judge. ■ There is a motion to dismiss the bill of exceptions on the ground that the exception is to an interlocutory decision not final in its nature; that there is no assignment of error on a final judgment, and that if the judgment were re-

versed it would work no benefit to the plaintiff in error. Although, under Code (Ann.) § 74-414, the court may pass an order on the issue of final adoption at any time after the expiration of six months from the date of the interlocutory order, and although the six-month period has passed, the court also may, under Code (Ann.) § 74-415, revoke its interlocutory order for cause at any time until the final order of adoption is entered up. Since the interlocutory order is final in its nature as to custody of the children until it is revoked or until the final adoption is passed upon, it cannot be held, any more than an order on temporary alimony or a temporary injunction, to lack that finality which is the requisite of an appealable judgment. The motion to dismiss the bill of exceptions is denied.

■ Code (Ann.) § 74-415 relating to revocation of an interlocutory order of adoption states in part: "But no such revocation shall be entered unless 10 days' notice shall have been given in writing to the parent or parents of the child, if known, and to the petitioner or petitioners (unless he or they make the motion)." The consenting parent, James J. Powell, who appears from the evidence in this case to live in another county from that of the adopting grandparents, received no notice of the petition to revoke, and did not by appearance or otherwise waive such notice. The court accordingly did not err in dismissing the petition to revoke the interlocutory order on the ground that the statutory requirements of such motion had not been met. The prayers of the motion related only to revoking the interlocutory order and not to the adoption proceedings as a whole.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*